

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00316-CV

THOMAS C. BINZER, M.D., AND                                APPELLANTS
THOMAS C. BINZER, M.D., P.A.

V.

JOSEPH E. ALVEY, JR.                                        APPELLEE

----------

## FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

----------

## OPINION

----------

This is an appeal from the trial court's denial of appellants Thomas C. Binzer, M.D. and Thomas C. Binzer, M.D., P.A.'s motion for partial dismissal under section 74.351 of the civil practice and remedies code. In three issues, appellants contend that appellee Joseph F. Alvey, Jr.'s expert report failed to address four of appellee's pled theories of liability, that it failed to provide an adequate expert opinion as to those theories, and that they were not required to

timely file and serve objections under section 74.351(a) to preserve their complaints. We affirm.

## Background

Appellee sued appellants, claiming Dr. Binzer was negligent in his treatment of a methicillin resistant staphylococcus aureus (MRSA) infection after performing shoulder surgery on appellee. Appellee contended that Dr. Binzer was negligent in the following: (1) failing to timely advise him that he was infected with MRSA, (2) failing to advise him of conflicting medical studies and reports, (3) concealing the MRSA infection after inquiry by appellee, (4) failing to timely treat the infection, (5) failing to properly treat the infection, (6) failing to properly follow, observe, and test appellee to determine the progress of the infection, (7) failing to timely and properly refer appellee to an infectious disease specialist, and (8) failing to timely and properly consult with an infectious disease specialist. Appellee also contended that Dr. Binzer made false representations about the existence of an infection.

Appellee timely served an expert report on appellants on May 13, 2011. Appellants filed a motion for partial dismissal and costs on June 22, 2011,[1] more than twenty-one days following the service of the expert report. The motion for

_____

[1]Although the certificate of service in the motion to dismiss states that it was mailed to appellee on May 17, 2011, appellee's counsel filed an affidavit with the court stating that he did not receive it until June 23, 2011 and that the report was accompanied by a cover letter dated June 17, 2011. Appellants did not dispute this affidavit.

partial dismissal contends that the report constitutes no report as to appellee's first three negligence theories of liability and his false representation claim because it wholly fails to address these theories of liability. The trial court denied the motion after a hearing.

**Analysis**

Section 74.351(a) of the civil practice and remedies code provides that "[i]n a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports . . . for each physician or health care provider against whom a liability claim is asserted." Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (West 2011). It also provides that a defendant in a health care liability suit must object to the sufficiency of a timely-filed expert report no later than twenty-one days after service. *Id*. A defendant who fails to do so waives "all" objections to the report. *Id*.; *see Ogletree v. Matthews*, 262 S.W.3d 316, 322 (Tex. 2007); *Neason v. Buckner,* 352 S.W.3d 254, 257 (Tex. App.—Houston [14th Dist.] 2011, no pet.). The statute does not require dismissal of deficient but curable reports. *Ogletree*, 262 S.W.3d at 320.

Appellants claim that because appellee's expert report failed to address the specific claims they challenge, appellee in effect provided no expert report at all on those claims; therefore, appellants were not required to object within the twenty-one day period set forth in section 74.351(a). However, appellants' motion for partial dismissal acknowledges that the report addresses some but not

3

all of appellee's pled theories of liability, and appellants' objections were discernable and thus could have been made within the twenty-one day period. *See id.* To the extent that the report sufficiently addresses some pled theories of liability but not others, it is a "deficient, but curable" report rather than no report at all. *See id*. at 320, 322. But because appellants failed to object to this alleged deficiency, they cannot now require appellee to cure it or face dismissal of those theories under the statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a); *Ogletree*, 262 S.W.3d at 322. Accordingly, we conclude and hold that because appellee timely served a report that addresses some of his claims in the live petition, appellants were required to object to "all" alleged deficiencies in the report within the twenty-one day period. *See Neason*, 352 S.W.3d at 259. Because they failed to do so, they waived those objections. *Ogletree*, 262 S.W.3d at 322; *Neason*, 352 S.W.3d at 259.

Appellants cite *Windsor v. Maxwell*, 121 S.W.3d 42, 51 (Tex. App.—Fort Worth 2003, pet. denied), and *Benson v. Vernon*, 303 S.W.3d 755, 761 (Tex. App.—Waco 2009, no pet.), in support of their argument. Both of these cases are inapposite because they do not involve the waiver provision of section 74.351(a) and its explicit language that "all" objections not timely made are waived. We agree with the holding in *Windsor* that an expert report must address each theory of liability alleged in the plaintiff's pleadings, but we do not even reach that issue if a report qualifies as a report under the statute (whether deficient or adequate) as to some theories of liability and the defendant does not

4

timely object to any theories of liability missing from the report. *See Windsor*, 121 S.W.3d at 51. The holding in *Neason* is directly on point, and we agree with and adopt its reasoning, which is based on the plain language of section 74.351(a). Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a); *Neason*, 352 S.W.3d at 259. We overrule appellants' third issue, which is dispositive of this appeal. Accordingly, we need not address their first and second issues. *See* Tex. R. App. P. 47.1; *Davisson v. Nicholson*, 310 S.W.3d 543, 559 n.11 (Tex. App.—Fort Worth 2010, no pet.) (op. on reh'g).

## Conclusion

Having overruled appellants' third and dispositive issue, we affirm the trial court's order.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MCCOY, JJ.

DELIVERED:  January 19, 2012

5